# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| KIRK T. MCDONOUGH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:15-cv-00617-JCH |
| | ) |
| JPMORGAN CHASE BANK, N.A., | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant JPMorgan Chase Bank, N.A.'s ("Chase") Motion to Exclude the Testimony of Plaintiff's Expert Witness Evan Hendricks. (ECF No. 69.) The Motion has been fully briefed and is ready for disposition.

## BACKGROUND

In April 2015, Plaintiff Kirk McDonough filed this action for damages asserting claims under the Fair Credit Reporting Act ("FCRA"). In his Amended Complaint, McDonough alleges as follows. Trans Union LLC ("Trans Union") inaccurately reported that he had a mortgage with Chase that was included in Bankruptcy. He repeatedly disputed the inaccurate notation on his credit report with Trans Union and with Chase. Despite his repeated requests, Chase failed to perform a reasonable investigation into the matter, and failed to adequately report the results necessary to make his credit report accurate and complete. McDonough claims that Chase willfully violated the FCRA.

In support of his claims, McDonough seeks to introduce the testimony of expert witness Evan Hendricks. In its Motion to Exclude, Chase contends Mr. Hendricks's expert testimony is

1

inadmissible under both the Federal Rules of Evidence and the Supreme Court's rulings in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999).

## **LEGAL STANDARD**

Federal Rule of Evidence 702 governs the admissibility of expert testimony, and requires district courts "to perform a 'gatekeeping' function and insure that proffered expert testimony is both relevant and reliable." *Dancy v Hyster Co.*, 127 F.3d 649, 651-52 (8th Cir. 1997) (citations omitted); *see also Daubert*, 509 U.S. at 589. Rule 702 provides that a court may permit opinion testimony from a witness qualified as an expert if: "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based upon sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

> The Eighth Circuit has summarized Rule 702 as a three-part test:
>
> First, evidence based on scientific, technical, or other specialized knowledge must be useful to the finder of fact in deciding the ultimate issue of fact…This is the basic rule of relevancy. Second, the proposed witness must be qualified to assist the finder of fact…Third, the proposed evidence must be reliable or trustworthy in an evidentiary sense, so that, if the finder of fact accepts it as true, it provides the assistance the finder of fact requires.

*Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001) (quotation and citation omitted). The standard must be applied in view of the fact that "Rule 702 reflects an attempt to liberalize the rules governing the admission of expert testimony[,]" and "[t]he rule clearly is one of admissibility rather than exclusion." *Id.* (quotations and citation omitted).

"The proponent of the expert testimony must prove its admissibility by a preponderance of the evidence." *Id.* (citation omitted). "Decisions concerning the admission of expert

testimony lie within the broad discretion of the district court." *Russell v. Whirlpool Corp.*, 702 F.3d 450, 455 (8th Cir. 2012) (quotation omitted).

## DISCUSSION

Chase seeks to exclude the expert testimony of Mr. Hendricks on the following grounds: (1) that he is not qualified to testify as an expert; (2) that his opinions and conclusions are not reliable, do not fit the facts of the case, and will not aid the jury in its decision-making process; and (3) that his opinions and conclusions amount to nothing more than speculations and legal conclusions. (ECF Nos. 69, 70.)

Upon consideration of the Parties' arguments, this Court concludes that Mr. Hendricks is qualified to serve as an expert in this case. He has served as an expert witness in numerous other cases across the country involving similar claims. In April 2016, a court in the District of Arizona determined that it "[could not] conclude that Mr. Hendricks [was] unqualified to opine as to standard credit reporting policies and procedures." *Zabriskie v. Fed. Nat'l Mortg. Ass'n*, No. CV-13-02260-PHX-SRB, 2016 WL 3653512, at *2 (D. Ariz. Apr. 22, 2016). In reaching this determination, the court recognized:

> 'For thirty-three years, Hendricks researched, wrote, edited, and published a bi-weekly newsletter covering various aspects of the FCRA. For ten years, he served as a privacy expert consultant for the Social Security Administration, where he reviewed policies and practices regarding use and disclosure of personal data. Hendricks also has a FCRA certification from the National Credit Reporting Association. Additionally, Hendricks has testified about the FCRA and related matters before the United States House Financial Services Committee and Senate Banking Committee, and has been admitted as an expert witness to testify on similar matters in both state and federal courts. These experiences qualify Hendricks to offer expert witness testimony of certain topics in this case.'

*Id.* (quoting *Valenzuela v. Equifax Info. Servs. LLC*, No. CV-13-02259-PHX-DLR, 2015 WL 6811585, at *2 (D. Ariz. Nov. 6, 2015)). This Court agrees and further finds that Mr.

Hendricks's experience and testimony regarding standard credit reporting policies and procedures will assist the trier of fact.

In view of the foregoing, the Court will not preclude Mr. Hendricks from testifying about the relevant industry standards for reporting and investigating consumer credit data and how Chase's actions in connection with McDonough's credit dispute comport with such. *See Lauzon*, 270 F.3d at 686; *see also Johnson v. Mead Johnson & Co., LLC*, 753 F.3d 557, 562 (8th Cir.) (as long as expert's testimony rests upon "good grounds, based on what is known" it should be tested by adversary process with competing expert testimony and cross-examination, rather than excluded by court at outset), *cert. denied*, 135 S. Ct. 489 (2014); *Robinson v. GEICO Gen. Ins. Co.*, 447 F.3d 1096, 1100-01 (8th Cir. 2006) (gaps in expert witness's qualifications or knowledge generally go to weight of witness's testimony, not its admissibility.). To the extent Chase challenges the reliability of Mr. Hendricks's testimony on the basis that his report is inconsistent with the facts and evidence of the case, Chase may raise these issues during cross-examination at trial.[1] *See Neb. Plastics, Inc. v. Holland Colors Americas, Inc.*, 408 F.3d 410, 416 (8th Cir. 2005) (as general rule, unless it is so fundamentally unsupported, factual basis of expert opinion goes to credibility of testimony, not admissibility, and it is up to opposing party to examine factual basis for opinion on cross-examination).

Mr. Hendricks, however, will not be permitted to render legal analysis or conclusions of law, including any opinions regarding whether Chase's conduct conformed to a particular legal standard, as this is an ultimate issue that should be decided by the jury. Similarly, Mr. Hendricks

---

[1] The Court notes that Mr. Hendricks's Report indicates that he reviewed "Plaintiff's Complaint," "Plaintiff's credit reports and dispute-related communications," "various correspondences on behalf of Plaintiff & Defendants," "Defendants' and Plaintiff's Disclosure and Answers," and "Documents produced by Plaintiff, Defendants & Prior Defendants (as of March 8, 2016)." ECF No. 70.1 at 39.)

will not be permitted to provide any opinions as to whether Chase's actions were unreasonable, unreliable, inadequate, negligent, willful, or in any other manner violative of the FCRA. *See* Fed. R. Evid. 704(a); *Am. Auto. Ins. Co. v. Omega Flex, Inc.*, 783 F.3d 720, 725 (8th Cir. 2015) (while expert may opine on ultimate issue of case under Rule 704, courts must guard against invading province of jury on question which jury is entirely capable of answering without benefit of expert opinion). In addition, because Mr. Hendricks is not qualified to provide medical opinions, he will not be permitted to render an opinion as to whether Chase's conduct has caused McDonough emotional distress, and he will be precluded from providing any opinions regarding the types of damages that are common to victims who have suffered emotional distress under comparable circumstances as McDonough.

Finally, because Mr. Hendricks's report presents opinions that intervolve Trans Union and Chase, and because it covers additional material which the Court finds is not relevant to this matter and should be precluded, the Parties are ordered to appear before the Court for a pre-trial conference on Friday September 30, 2016, at 1:00 p.m. At that time, Plaintiff will produce its expert witness Mr. Hendricks to the Court and will specifically identify the testimony it expects Mr. Hendricks to present to the jury during trial. The Court will then issue a ruling further delineating the scope of Mr. Hendricks trial testimony.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant JPMorgan Chase Bank, N.A.'s Motion to Exclude the Testimony of Plaintiff's Expert Witness Evan Hendricks (ECF No. 69) is **GRANTED in part**, and **DENIED in part**.

**IT IS FURTHER ORDERED** that Plaintiff Kirk McDonough's Motion for Leave to File Surreply to Reply (ECF No. 101) is **DENIED**.

**IT IS FURTHER ORDERED** that a hearing is set for **Friday September 30, 2016** at **1:00 p.m.** in Courtroom 16-North of the Thomas F. Eagleton United States Courthouse, at which time Plaintiff will produce its expert witness Mr. Hendricks to the Court and will specifically identify the testimony it expects Mr. Hendricks to present to the jury during trial.

Dated this 30th day of September, 2016.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE